**S. BRETT SUTTON 143107**
brett@suttonhague.com
**JARED HAGUE 251517**
jared@suttonhague.com
**JUSTIN VECCHIARELLI 298684**
justin@suttonhague.com
**SUTTON HAGUE LAW CORPORATION**
5200 N. Palm Avenue, Suite 203
Fresno, California 93704
Telephone: (559) 325-0500

Attorneys for Defendant
SAPUTO CHEESE USA, INC.

Dennis S. Hyun, Esq. (SBN 224240)
**HYUN LEGAL, APC** (*Of Counsel*)
515 S. Figueroa St., Suite 1250
Los Angeles, California 90071
Tel:   (213) 488-6555
Fax:   (213) 488-6554
Email: dhyun@hyunlegal.com

William L. Marder, Esq. (SBN 170131)
**Polaris Law Group LLP**
501 San Benito Street, 200
Hollister, California 95023
Telephone:   (831) 531-4214
Facsimile:   (831) 634-0333
Email: bill@polarislawgroup.com

Attorneys for Plaintiff John Coffee

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JOHN COFFEE, an individual, | Case No. 1:17-CV-00041-DAD-MJS |
| Plaintiff, | **STIPULATED PROTECTIVE ORDER AND ORDER** |
| v. | |
| SAPUTO CHEESE USA, INC., a Delaware Corporation; and DOES 1-50, inclusive, | |
| Defendants. | |

-1-

**STIPULATION**

Plaintiff John Coffee ("Plaintiff") and defendant Saputo Cheese USA, Inc. ("Defendant") (collectively, the "parties"), acting through their respective counsel of record, hereby stipulate as follows:

To expedite the production of discovery material, to facilitate the prompt resolution of disputes over confidentiality of discovery material, to adequately protect information the parties are entitled to keep confidential, to ensure that only the materials the parties are entitled to keep confidential are subject to such treatment, and to ensure that the parties are permitted reasonably necessary uses of confidential discovery material in preparation for and in the conduct of this litigation, pursuant to FRCP 26 and Local Rule 141.1, the parties request that the Court enter the following protective order in this action:

**PROTECTIVE ORDER FOR TREATMENT
OF CONFIDENTIAL INFORMATION**

1. **INFORMATION SUBJECT TO THIS ORDER**

    a. Protected Information Generally

    1) All documents, electronically stored information, tangible things, physical objects, written discovery responses, testimony, or other information produced by the producing party in this litigation is considered "Discovery Material." This Order applies not only to Discovery Material produced in this litigation, but also to any information copied or extracted therefrom or otherwise reflecting Protected Information, in any form. Any Discovery Material containing or including confidential information may be designated as such by the producing party by marking it "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY" and shall be treated in accordance with the terms of this Order. Each of the identified categories of confidential Discovery Material shall be identified collectively in this Order as "Protected Information."

    2) All Protected Information not reduced to documentary, electronic, tangible or physical form, or which cannot be conveniently designated as set forth in paragraph I.A.1 or pursuant to another confidentiality designation set forth in this Order, shall be designated by the

-1-

producing party by informing the receiving party of the designation in writing.

        3) Any Protected Information that is obtained by any party from any person pursuant to discovery in this litigation shall be used solely for purposes of this litigation.

        4) Nothing in this Order shall limit any producing party's use or disclosure of its own Protected Information.

        5) The following Discovery Material is not Protected Information:

        (A) Any Discovery Material that is or, after its disclosure to a receiving party, becomes part of the public domain as a result of publication not involving a violation of this Order or other obligation to maintain the confidentiality of such material;

        (B) Any Discovery Material that the receiving party can show was already publicly known prior to the disclosure; and,

        (C) Any Discovery Material that the receiving party can show by written records was received by it from an alternate source that obtained the material lawfully and under no obligation of confidentiality to the producing party.

    b. <u>Protected Information Designated CONFIDENTIAL</u>

        1) For purposes of this Order, Protected Information designated CONFIDENTIAL shall mean all Discovery Material produced for or disclosed in connection with this action to a receiving party that a producing party considers to comprise confidential or commercially sensitive technical, sales, marketing, personal, medical, or financial information of the producing party (including any party to this action and any non-party producing information or material voluntarily or pursuant to a subpoena or a court order in connection with this action), or information that the producing party is under a legal obligation to maintain as confidential.

        2) Protected Information designated CONFIDENTIAL and the contents therein shall be available only to:

        (A) Outside litigation counsel of record and supporting personnel employed in the law firm(s) of outside litigation counsel of record, such as attorneys, paralegals, legal translators, legal secretaries, law clerks, project managers and litigation support personnel;

        (B) The parties and those officers, directors, and employees to whom

STIPULATION TO PROTECTIVE ORDER

disclosure is reasonably necessary for this litigation, and supporting personnel employed by the legal department of any party to this litigation;

(C) Technical Advisors and their necessary support personnel engaged by counsel of record for the parties, subject to the provisions of section III herein, and provided that such individuals have first been given a copy of this Order and have executed the Confidentiality Agreement attached hereto as Attachment A. The term "Technical Advisor" shall mean independent outside technical expert witnesses, consulting experts, or technical consultants (none of whom are employees) retained by counsel of record for the parties who are deemed reasonably necessary to assist such counsel in connection with this litigation;

(D) Independent contractors engaged by counsel of record for the parties, to the extent reasonably necessary to assist counsel in connection such counsel in connection with this litigation, including but not limited to (i) legal translators retained to translate in connection with this action; (ii) independent stenographic reporters and videographers retained to record and transcribe testimony in connection with this action; (iii) graphics or design services retained by counsel for purposes of preparing demonstrative or other exhibits for deposition, trial, or other court proceedings in the actions; (iv) non-technical jury or trial consulting services not including mock jurors; and (v) electronic discovery vendors retained to assist with the organization and management of electronic discovery, provided that such persons or entities have first been given a copy of this Order and either have executed the Confidentiality Agreement attached hereto as Attachment A, and a signed copy has been provided to the producing party, or are contractually bound to adhere to the terms of this Order;

(E) Any fact witness during the course of a deposition subject to the provisions of section V herein; and

(F) The Court, its personnel, and any other person (such as a master or mediator) who serves in a judicial or quasi-judicial function, professional stenographic reporters engaged to transcribe testimony (under seal or with other suitable precautions determined by the Court), and jurors.

///

-3-
STIPULATION TO PROTECTIVE ORDER

c. <u>Protected Information Designated HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY</u>

1) For purposes of this Order, Protected Information designated HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY shall mean Protected Information that contains extremely sensitive information. Protected Information designated HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY includes, but is not limited to: (i) marketing, financial, sales, web traffic, research and development, or technical, data or information; (ii) commercially sensitive competitive information, including, without limitation, information obtained from a nonparty pursuant to a current Nondisclosure Agreement ("NDA"); (iii) information or data relating to future products not yet commercially released and/or strategic plans; (iv) trade secret, or other confidential research and development information; and, (v) commercial agreements, settlement agreements or settlement communications, the disclosure of which is likely to cause harm to the competitive position of the producing party.

2) Protected Information designated HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY and the contents therein shall be available only to:

(A) Outside litigation counsel of record and supporting personnel employed in the law firm(s) of outside litigation counsel of record, such as attorneys, paralegals, legal translators, legal secretaries, law clerks, project managers and litigation support personnel to whom it is reasonably necessary to disclose the information;

(B) The Court, its personnel, and any other person (such as a master or mediator) who serves in a judicial or quasi-judicial function, professional stenographic reporters engaged to transcribe testimony (under seal or with other suitable precautions determined by the Court), and jurors;

3) In determining whether Protected Information should be designated as HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY, each party agrees to use such designation only in good faith.

/ / /

/ / /

## 2. USE OF PROTECTED INFORMATION AT HEARING OR TRIAL

In the event that a party intends to use any Protected Information during any hearing or trial, that party shall provide a minimum of two (2) business days' notice to the producing party. Subject to challenges under section IV, the parties will not oppose any reasonable request by the producing party that Protected Information be sealed, if allowed by the Court, during the presentation of any testimony, evidence, or argument relating to or involving the use of any Protected Information.

## 3. TECHNICAL ADVISORS

### a. Purpose

Protected Information designated by the producing party and such copies of Protected Information as are reasonably necessary for maintaining, defending, or evaluating this litigation may be furnished and disclosed to the receiving party's Technical Advisors and their necessary support personnel.

### b. No Disclosure Without Protective Order Subscription

No disclosure of Protected Information to a Technical Advisor or their necessary support personnel shall occur until that person has signed the Confidentiality Agreement attached hereto as Attachment A.

## 4. CHALLENGES TO CONFIDENTIALITY DESIGNATIONS

### a. Use of Reasonable Care and No Waiver

The parties shall use reasonable care when designating Protected Information. Nothing in this Order shall prevent a receiving party from contending that any Protected Information has been improperly designated. A receiving party may at any time request that the producing party cancel or modify the Protected Information designation with respect to any document or any information contained therein.

### b. Objections to Confidentiality Designations

A party shall not be obligated to challenge the propriety of a designation of any category of Protected Information at the time of production, and a failure to do so shall not preclude a subsequent challenge thereto. In the event that a party objects to the designation of Protected

Information, such a challenge shall be in writing, shall be served on counsel for the producing party, and shall particularly identify the Protected Information that the receiving party contends should be differently designated. The parties shall use their best efforts to resolve promptly and informally such disputes and shall advise one another of both the factual and legal basis for their respective positions.

  c. <u>Judicial Intervention</u>

If the Parties cannot resolve an objection without court intervention after engaging in the meet and confer process described in Section 4(b) above, the designating party shall file and serve a motion to retain confidentiality within 30 days of the initial notice of challenge or within 21 days of the parties agreeing that the meet and confer process will not resolve their dispute, whichever is later. Each such motion must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed in the preceding paragraph. In addition, the challenging party may file a motion challenging a confidentiality designation at any time if there is good cause for doing so, including a challenge to the designation of a deposition transcript or any portions thereof. Any motion brought pursuant to this provision must be accompanied by a competent declaration affirming that the movant hags complied with the meet and confer requirements imposed by the preceding paragraph.

The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions. While the challenge proceeding is underway, all parties shall continue to afford the material in question the level of protection to which it is entitled under the producing party's designation until the court rules on the challenge.

  c. <u>Treatment of Protected Information During Challenge to a Designation</u>

Unless otherwise resolved by agreement between the parties, until a determination by the Court, the Protected Information at issue shall be treated as having been properly designated and subject to the terms of this Order.

STIPULATION TO PROTECTIVE ORDER

5. **LIMITATIONS ON THE USE OF PROTECTED INFORMATION**

    a.    <u>Restrictions on Use of Protected Information</u>

All Protected Information shall be held in confidence by each person to whom it is disclosed, shall be used only for purposes of this litigation, shall not be used for any business purpose or in connection with any other legal proceeding, and shall not be disclosed to any person who is not entitled to receive such Protected Information as herein provided. All produced Protected Information shall be carefully maintained so as to preclude access by persons who are not entitled to receive such Protected Information.

    b.    <u>Examinations and Court Filings Concerning Protected Information</u>

Except as may be otherwise ordered by the Court, any person may be examined as a witness at depositions and trial and may testify concerning all Protected Information of which such person has prior personal knowledge. Without in any way limiting the generality of the foregoing:

1)    A present director, officer, and/or employee of a producing party may be examined and may testify concerning all Protected Information which has been produced by that party and of which the witness has personal knowledge;

2)    A former director, officer, agent and/or employee of a producing party may be interviewed, examined and may testify concerning all Protected Information of which he or she has personal knowledge, including any Protected Information that refers to matters of which the witness has personal knowledge, which has been produced by that party and which pertains to the period or periods of his or her employment; and

3)    Non-parties may be examined or testify concerning any Protected Information of a producing party, which appears on its face or from other documents or testimony to have been received from or communicated to the non-party as a result of any contact or relationship with the producing party or a representative of the producing party. Any person other than the witness, his or her attorney(s), or any person qualified to receive Protected Information under this Order shall be excluded from the portion of the examination concerning such Protected Information, unless the producing party consents to persons other than qualified

-7-
STIPULATION TO PROTECTIVE ORDER

recipients being present at the examination. If the witness is represented by an attorney who is not qualified under this Order to receive such Protected Information, then prior to the examination, the attorney must provide a signed agreement, in the form of Attachment A hereto, that he or she will comply with the terms of this Order and maintain the confidentiality of Protected Information disclosed during the course of the examination. In the event that such attorney declines to sign such a statement prior to the examination, the parties, by their attorneys, shall jointly seek a protective order from the Court prohibiting the attorney from disclosing Protected Information.

4) Every fact witness shall be informed, prior to being presented with the documents designated as Protected Information in this litigation, that he or she may be shown documents designated as Protected Information in this litigation, and that such Protected Information and the contents therein are being furnished to the witness solely for use in this litigation. Every fact witness shall be shown a copy of this Order. No fact witness may retain any material designated as Protected Information.

5) All transcripts of depositions, exhibits, answers to interrogatories, pleadings, briefs, and other documents submitted to the Court that have been designated as Protected Information, or which contain information so designated, shall have only the portions with the information designated as Protected Information be filed under seal in a manner prescribed by the Court for such filings unless the Court orders otherwise. To avoid unnecessary sealing of Court records and motion practice relating to sealed filings, any party preparing a filing with the Court that may contain Protected Information may identify to the producing party or non-party the specific Protected Information at issue and request a waiver of the confidentiality protections for that specific Protected Information. Upon receipt of such a request to waive confidentiality protections, the producing party or non-party shall respond in good faith within two (2) business days.

6) Outside litigation attorneys of record for the parties are hereby authorized to be the persons who may retrieve confidential exhibits and/or other confidential matters filed with the Court upon termination of this litigation without further order of this Court, and are the

persons to whom such confidential exhibits or other confidential matters may be returned by the Clerk of the Court, if they are not so retrieved. No material or copies thereof so filed shall be released, except by order of the Court, to outside litigation counsel of record, or as otherwise provided for hereunder.

7) Protected Information shall not be copied or otherwise produced by a receiving party, except for transmission to qualified recipients, without the written permission of the producing party, or, in the alternative, by further order of the Court. Nothing herein shall, however, restrict a qualified recipient from making working copies, abstracts, digests and analyses of Protected Information for use in connection with this litigation, and such working copies, abstracts, digests and analyses also shall be deemed Protected Information under the terms of this Order. Further, nothing herein shall restrict a qualified recipient from converting or translating Protected Information into machine-readable form for incorporation into a data retrieval system used in connection with this action, provided that access to that Protected Information, in whatever form stored or reproduced, shall be limited to qualified recipients.

8) Testimony given at deposition may be designated as Protected Information by outside litigation counsel of record by making a statement orally to that effect on the record at any time during the deposition. Within fifteen (15) business days of receipt of the final certified transcript of any deposition, the producing party may request that the original and all copies of the deposition transcript, in whole or in part, be marked with an appropriate confidentiality designation. Confidentiality designations shall be made by notifying all parties in writing of the specific pages and lines of the transcript that should be treated as Protected Information. Deposition transcripts shall be treated by default as CONFIDENTIAL until the expiration of the time to make a confidentiality designation unless otherwise agreed to by the parties. Any portions so designated shall thereafter be treated in accordance with the terms of this Order. Objections to confidentiality designations under this paragraph shall be governed by the procedure set forth in section IV above.

///

///

c. <u>Unauthorized Disclosure of Protected Information</u>

If a receiving party learns that, by inadvertence or otherwise, it has disclosed Protected Information to any person or in any circumstance not authorized under this Order, the receiving party must immediately: (i) notify in writing the producing party of the unauthorized disclosure(s); (ii) use its best efforts to retrieve all copies of the Protected Information; (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order; and (d) request that such person or persons execute the Confidentiality Agreement attached hereto as Attachment A. Compliance with this paragraph upon the discovery of an unauthorized disclosure of Protected Information is mandatory and shall not excuse a violation of this Order or exempt a violating party from sanctions pursuant to paragraph D below.

d. <u>Violations</u>

If any party violates the limitations on the use of Protected Information as described above, the party violating this Order may be subject to sanctions if ordered by the Court. In the event motion practice is required to enforce the terms of this Order, the prevailing party on such a motion shall be awarded costs, expenses, and fees, including attorney or other professional fees, incurred in connection with the discovery of the violation and the preparation, filing, and arguing of the motion or any other proceedings resulting from the violation. Prior to the filing of any motion, the Parties must first meet and confer regarding any purported violation as described above, and give the opposing party at least 5 (five) business days after the meet and confer to correct any potential violation. However, the requirement to wait 5 (five) days before seeking relief with the Court shall not apply to requests for *ex parte* relief.

6. **NON-PARTY USE OF THIS PROTECTIVE ORDER**

a. <u>Purpose</u>

A non-party producing Discovery Material voluntarily or pursuant to a subpoena or a court order may designate such Discovery Material as Protected Information pursuant to the terms of this Protective Order.

/ / /

/ / /

b. Non-Party Access

A non-party's use of this Protective Order to protect its Protected Information does not entitle that non-party access to the Protected Information produced by any party or non-party in this case.

7. **NO WAIVER OF PRIVILEGE**

Nothing in this Protective Order shall require production of information that a party contends is protected from disclosure by the attorney-client privilege, the work product privilege or other privilege, doctrine, right, or immunity. Disclosures among parties' attorneys of work product or other communications relating to issues of common interest shall not affect or be deemed a waiver of any applicable privilege or protection from disclosure. The production of a privileged or work-product-protected document is not a waiver of privilege or protection from discovery in this case or in any other federal or state proceeding. For example, the mere production of privileged or work-product-protected documents in this case as part of a mass production is not itself a waiver in this case or any other federal or state proceeding. A producing party may assert privilege or protection over produced documents at any time by notifying the receiving party in writing of the assertion of privilege or protection. In addition, information that contains privileged matter or attorney work product shall be immediately returned if such information appears on its face to have been inadvertently produced.

8. **MISCELLANEOUS PROVISIONS**

a. Waiver

Any of the notice requirements herein may be waived, in whole or in part, but only in writing signed by the attorney-in-charge for the party against whom such waiver will be effective.

b. Inadvertent or Unintentional Production of Protected Information

Inadvertent or unintentional production of documents or things containing Protected Information which are not designated as one or more categories of Protected Information at the time of production shall not be deemed a waiver in whole or in part of a claim for confidential treatment. With respect to documents, the producing party shall immediately

-11-

upon discovery notify the other parties of the error in writing and provide replacement pages bearing the appropriate confidentiality legend. In the event of any disclosure of Protected Information other than in a manner authorized by this Protective Order, including any unintentional or inadvertent disclosure, counsel for the party responsible for the disclosure shall immediately notify opposing counsel of all of the pertinent facts, and make every effort to further prevent unauthorized disclosure including, retrieving all copies of the Protected Information from the recipient(s) thereof, and securing the agreement of the recipients not to further disseminate the Protected Information in any form. Compliance with the foregoing shall not prevent the producing party from seeking further relief from the Court.

      c. <u>Conclusion of Litigation</u>

          1) Within sixty (60) business days after the entry of a final non-appealable judgment or order, or the expiration of the deadline for any party to appeal any final judgment or order, or the complete settlement of all claims asserted against all parties in this action, each party shall, at the option of the producing party, either return or destroy all physical objects and documents which embody Protected Information it has received, and shall destroy in whatever form stored or reproduced, all physical objects and documents, including but not limited to, email, correspondence, memoranda, notes and other work product materials, which contain or refer to any category of Protected Information. All Protected Information not embodied in physical objects and documents shall remain subject to this Order. Nevertheless, as provided in Section 8(c)(3) below, outside litigation counsel may retain paper and/or electronic copies of the documents described below.

          2) In the event that a party is dismissed before the entry of a final non-appealable judgment or order, this same procedure shall apply to any Protected Information received from or produced to the dismissed party.

          3) Notwithstanding this provision, outside litigation counsel of record are not required to delete Protected Information that may reside on their respective firm's electronic back-up systems that are over-written in the normal course of business. Notwithstanding the foregoing, outside litigation counsel of record shall be entitled to maintain electronic copies of all

-12-
STIPULATION TO PROTECTIVE ORDER

pleadings, motions and trial briefs (including all supporting and opposing papers and exhibits thereto), written discovery requests and responses (and exhibits thereto), deposition transcripts (and exhibits thereto), trial transcripts, and exhibits offered or introduced into evidence at any hearing or trial, and their attorney work product, which refers or is related to any Protected Information for archival purposes only.

    4) If the producing party requests that Protected Information be destroyed, the receiving party must provide a certificate of destruction to the producing party.

  d. <u>Subpoenas</u>

    If at any time documents containing Protected Information are subpoenaed by any court, arbitral, administrative or legislative body, or are otherwise requested in discovery, the person to whom the subpoena or other request is directed shall give written notice within three (3) business days thereof to every party or non-party who has produced such documents and to its counsel, and shall provide each such party with an opportunity to object to the production of such documents. If a producing party does not take steps to prevent disclosure of such documents within ten (10) business days of the date written notice is given, the party to whom the referenced subpoena is directed may produce such documents in response thereto, but shall take all reasonable measures to have such documents treated in accordance with terms of this Protective Order.

  e. <u>Post-Filing Communications</u>

    No party shall be required to identify on their respective privilege log any document or communication dated on or after the filing of the lawsuit, which absent this provision, the party would have been obligated to so identify on said privilege log. The parties shall exchange their respective privilege document logs at a time to be agreed upon by the parties following the production of documents. The parties need not list any attorney-client communications on their respective privilege logs.

  f. <u>Modification of Protections</u>

    This Order is entered without prejudice to the right of any party, either by agreement with other parties to this action, or by applying to the Court if agreement cannot be

-13-

reached among parties, to extend additional protection, or to reduce or rescind the restrictions of this Order, when convenience or necessity requires. Furthermore, without application to the Court, any party that is a beneficiary of the protections of this Order may enter a written agreement releasing any other party hereto from one or more requirements of this Order even if the conduct subject to the release would otherwise violate the terms herein.

g. No Agreement Concerning Discoverability

The identification or agreed upon treatment of certain types of Discovery Material does not reflect agreement by the parties that the disclosure of such categories of Discovery Material is required or appropriate in this action. The parties reserve the right to argue that any particular category of Discovery Material should not be produced.

h. Agreement Upon Execution

Each of the parties agrees to be bound by the terms of this Protective Order as of the date counsel for such party executes this Protective Order, even if prior to entry of this order by the Court.

i. Interpretation, Enforcement and Continuing Jurisdiction

The U.S. District Court for the Eastern District of California is responsible for the interpretation and enforcement of this Protective Order. After termination of this litigation, the provisions of this Protective Order shall continue to be binding except with respect to that Discovery Material that becomes a matter of public record. This Court retains and shall have continuing jurisdiction over the parties and recipients of the Protected Information for enforcement of the provision of this Protective Order following termination of this litigation. All disputes concerning Protected Information produced under the protection of this Protective Order shall be resolved by the U.S. District Court for the Eastern District of California.

**[signatures on page 15]**

| | | |
|---|---|---|
| DATED: January 23, 2018 | | POLARIS LAW GROUP LLP |

By:    /s/ William L. Marder
William L. Marder
Attorneys for Plaintiff John Coffee

DATED: January 23, 2018        HYUN LEGAL, APC

By:    /s/ Dennis S. Hyun
Dennis S. Hyun
Attorneys for Plaintiff John Coffee

DATED: January 23, 2018        SUTTON HAGUE LAW CORPORATION

By:    /s/ Justin Vecchiarelli
S. Brett Sutton
Jared Hague
Justin Vecchiarelli
Attorneys for Defendant Saputo Cheese USA, Inc.

## **ORDER**

Good cause appearing, the terms of the **STIPULATED PROTECTIVE ORDER in** Case No. 1:17-CV-00041-DAD-MJS are accepted and adopted as the Order of this Court.

IT IS SO ORDERED.

Dated:   January 23, 2018          /s/ *Michael J. Seng*
                                                    UNITED STATES MAGISTRATE JUDGE

**EXHIBIT "A"**

**PROMISE OF CONFIDENTIALITY**

I, _____, declare as follows:

1. My [business or residential] address is _____, _____and my present occupation is _____.

2. I have received a copy of the **STIPULATED PROTECTIVE ORDER** regarding Confidential Discovery in the matter entitled *John Coffee v. Saputo Cheese USA, Inc.,* United States District Court, Eastern District of California, Case No. 1:17-CV-00041-DAD-MJS.

3. I will comply with all of the provisions of the **STIPULATED PROTECTIVE ORDER**. I will hold in confidence, will not disclose to anyone other than those persons specifically authorized by the **STIPULATED PROTECTIVE ORDER**, and will not copy or use except for purposes of the litigation, any documents or information designated **"Confidential" or "Highly Confidential – Attorney's Eyes Only."**

4. I will return any materials received under this **STIPULATED PROTECTIVE ORDER** at the conclusion of the instant case, to the Party or its counsel who originally provided said materials to me.

-16-

STIPULATION TO PROTECTIVE ORDER

5. I hereby stipulate to the jurisdiction of the United States District Court, Eastern District of California with regard to any proceeding to enforce the terms of the **STIPULATED PROTECTIVE ORDER** against me.

I declare under penalty of perjury under the laws of the State of California that the forgoing is true and correct and that this **PROMISE OF CONFIDENTIALITY** was executed on the _____ day of _____ in _____.

_____